FOUR CERTAIN UNNAMED INMATES OF MASSACHUSETTS CORRECTIONAL INSTITUTION AT WALPOLE, MASSACHUSETTS, Plaintiffs-Appellees,

v.

Frank A. HALL et al.,
Defendants-Appellants.

No. 76–1554.

United States Court of Appeals,
First Circuit.

Argued Jan. 3, 1977.
Decided March 18, 1977.

---

Lee Carl Bromberg, Special Asst. Atty. Gen., Boston, Mass., for appellants.

Richard J. Vita, Dorchester, Mass., and Alan P. Caplan, Boston, Mass., with whom Thomas C. Troy, Troy & Vita, Dorchester, Mass., Caplan, Christiansen & Reichlin, Martin K. Leppo, Anthony Traini, Boston, Mass., Jerry C. Effren, and Angelo P. Catanzaro, Dorchester, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, and ALD-RICH and CAMPBELL, Circuit Judges.

PER CURIAM.

After a rash of murders in the state prison at Walpole, Massachusetts, prison officials began an investigation. When an imminent newspaper story threatened the investigation's secrecy, the officials decided to act swiftly. They seized several inmates suspected of participating in the murders and placed them in a segregation unit, where they could not be harmed or cause harm to others. *See* Mass. Gen'l Laws Ann. ch. 127 § 39; *cf. id.* § 40. Believing this to be a violation of due process, the district court ordered the officials to give the segregated inmates notice of the charges against them within two days and to begin disciplinary hearings within nine days. We stayed the district court's order.

We now must decide whether the inmates have a "liberty interest" sufficient to invoke federal guarantees of procedural due process. The inmates and the court below relied only on state law as the source of the necessary interest. The standard to be applied to such a claim is whether the inmates have "some right or justifiable expectation rooted in state law that [they] will not be transferred except for misbehavior or upon the occurrence of other specified events." *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). We have it on commanding authority that no Massachusetts statute creates such a right or expectation. *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Transfers to segregation units are within the Commissioner's broad statutory discretion. Mass. Gen'l Laws Ann. ch. 127 § 39. The district court, however, relied on recent prison regulations, which, it believed, severely restrict the discretion of prison officials to order transfers in the absence of misconduct. But this circuit has recently held that the present prison regulations dealing with reclassification do not impose substantive standards on the decision to transfer an inmate. *Lombardo v. Meachum,* 548 F.2d 13 (1977). Freedom from transfer is not a "liberty interest" since an inmate may be transferred at the whim of the Commissioner. Because no "liberty interest" has been infringed by the transfer, due process does not attach, and the district court's order cannot stand.

*Reversed.*