Stanley ULATOWSKI, Plaintiff,

v.

Joseph PONTE, Defendant.

Civ. A. No. 80–658–MC.

United States District Court,
D. Massachusetts.

Oct. 21, 1981.

MCI, pro se.

Christopher E. Nolin, Franklin Cunningham, Warner & Stackpole, Boston, Mass., for plaintiff.

Sheridan, Garrahan & Lander, Framingham, Mass., for defendant.

Michael C. Donahue, Sp. Asst. Atty. Gen., Dept. of Correction, Boston, Mass., for defendant Ponte.

Steven J. McAuliffe, Asst. Atty. Gen., Loretta S. Platt, Div. of Legal Counsel, Concord, N.H., for defendant Perrin.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on for hearing on plaintiff's objection to the magistrate's recommendation dated August 28, 1981 with respect to defendants' motions to dismiss. The plaintiff is serving a sentence of imprisonment at M.C.I. Walpole pursuant to a judgment of the Massachusetts Superior Court and the defendant Ponte is Superintendent of that penal institution.

Plaintiff, now represented by counsel, brought this complaint *pro se* under 42 U.S.C. § 1983 seeking declaratory and injunctive relief, expungement of references to certain misconduct from his record, and damages. He alleges that he was transferred to the New Hampshire State Prison from Walpole on April 5, 1979 pursuant to the standard interstate agreement, and that on August 25, 1979 he was abruptly transferred back to Walpole without explanation. It is alleged that upon his return to Walpole he was first placed in Cellblock 10, the Departmental Segregation Unit, and ten days later placed in the "maximum security/punitive segregation" Cellblock B–2. At the hearing counsel for plaintiff informed the court that Mr. Ulatowski is no longer in Cellblock B–2. Plaintiff asserts that while restricted to Cellblock B–2 he was prohibited from being eligible for jobs, rehabilitation programs, earned good time, and the right to continue learning a trade.

He claims that he was informed by members of the Institutional Classification Board in October, 1979 that his misconduct at the New Hampshire prison in the nature of digging a tunnel was the reason for his confinement to Cellblock B–2. The substance of plaintiff's claim is that he was transferred and subject to further restrictions by correction officials for unspecified acts of misconduct without notice and a hearing in violation of his due process and Eighth Amendment rights.

Defendant Ponte moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the transfer of a prisoner from one institution to another does not give rise to a violation of a prisoner's constitutional rights.[1] The magistrate has recommended that the complaint be dismissed, applying the principles set forth in *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979), that a prisoner may be transferred without a hearing for no reason at all, and the Supreme Court's ruling in *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), that such a transfer does not affect any liberty interest or entitlement meriting due process protection.

Plaintiff argues that the complaint does not merely allege that his transfer by defendants was unlawful, but also states a claim that his confinement in Cellblock B–2 constituted disciplinary action taken against him without notice or opportunity to be heard. He relies upon *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1976), as authority for the proposition that disciplinary action taken against an inmate which deprives him of due process of law gives rise to a valid constitutional claim. Plaintiff also urges that Department of Correction regulations at 103 CMR 430.00 *et seq.* provide that a prisoner is entitled to notice and a hearing prior to disciplinary action.

██ I find no basis upon which to reject the magistrate's recommendation that

---

1. Everett I. Perrin, Jr., the warden of New Hampshire State Prison, was also named as a defendant. Adopting the recommendation of the magistrate, the court dismissed the complaint as to Perrin in open court at the conclusion of the hearing on this matter.

plaintiff's claim of unlawful transfer from New Hampshire State Prison to M.C.I. Walpole be dismissed. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Sisbarro v. Warden*, 592 F.2d 1, 3 (1st Cir. 1979).

■ In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a *pro se* complaint must be evaluated upon less stringent standards than those applicable to one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Nevertheless, the Court of Appeals for this circuit has emphasized that courts need not conjure up unpleaded facts to support conclusory allegations in a *pro se* pleading, and sufficient supportive facts outlining the elements of a claim must be alleged to survive a Rule 12(b)(6) dismissal. *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979).

■ I would agree with plaintiff's position that his complaint is not restricted solely to the issue of his transfer from the New Hampshire facility to M.C.I. Walpole. The complaint may also be read to state a claim that he was confined to a section of the prison where the liberty and privileges he had enjoyed in the New Hampshire facility were restricted for allegedly digging an escape tunnel, all without notice and an opportunity to be heard. The issue arises whether plaintiff has a liberty interest or right deriving from state law to be free of increased restriction while confined, absent misconduct, which must be accorded due process protection. *See Garcia v. DeBatista*, 642 F.2d 11 (1st Cir. 1981).

The memorandum, finding, and recommendation of the magistrate does make mention of plaintiff's claim that he has lost job rights and was subject to further punitive segregation. While the magistrate's conclusion that plaintiff has not "made any sufficient allegations that can be construed as violation of any constitutional rights" may be interpreted to mean that he rejects plaintiff's claim of "punitive segregation", the focus of the magistrate's recommendation and of defendant's motion to dismiss is on the issue of plaintiff's transfer from New Hampshire to Walpole. As there is some ambiguity in the magistrate's conclusions regarding the scope of plaintiff's complaint, the court feels that additional discussion concerning plaintiff's claim relating to his confinement to Cellblock B–2 after being transferred is warranted.

Attention must be paid to the relatively recent cases decided in this circuit regarding intrainstitutional transfers. In *Four Certain Unnamed Inmates v. Hall*, 550 F.2d 1291 (1st Cir. 1977) (per curiam), the court held that inmates have no liberty interest or expectation rooted in state law that they will not be transferred to a segregation unit in the absence of misconduct. The court made reference to M.G.L. c. 127, § 39 and regulations governing reclassification wherein the Commissioner of Corrections is allowed broad discretion regarding such action.[2] Thereafter, in *Daigle v. Hall*, 564 F.2d 884 (1st Cir. 1977), the court held that transfers of inmates from the general prison population at M.C.I. Walpole to the Departmental Segregation Unit did not require federal guarantees of procedural due process. M.G.L. c. 127, § 39 and Department of Correction regulations then applicable did not confer upon individual inmates a right not to be transferred absent a showing that specific events have occurred and did not define any groups who may not be confined in Departmental Segregation Units. Moreover, the court did not attach significance to the fact that specific acts of major misconduct allegedly resulted in the inmates' transfers. The court reasoned that if the inmates could have been trans-

2. M.G.L. c. 127, § 39 provides in relevant part,

At the request of the superintendent of any correctional institution of the commonwealth, the commissioner may authorize the transfer, for such period as he may determine, to a segregated unit within any correctional institution of the commonwealth, of any inmate whose continued retention in the general institution population is detrimental to the program of the institution.

ferred in the absence of major misconduct, no legal interest or right would have been violated whether or not their misconduct had been proved in accordance with procedures that might be required by the Due Process Clause in other circumstances. *Id.* at 886. *But see McAlister v. Robinson,* 488 F.Supp. 545, 554 (D.Conn.1978).

Guided by the reasoning employed in *Daigle v. Hall,* I conclude that plaintiff's claim of wrongful segregation in Cellblock B–2 fails to state a claim upon which relief can be granted. The Correction Department regulations submitted by plaintiff governing transfers to Departmental segregation and disciplinary proceedings did not create any right or entitlement in plaintiff to remain in the general prison population of Walpole absent proof of the alleged misconduct, as the regulations at 103 CMR 421.07 do not describe the type of inmate who is transferred to the segregation unit in precise terms, but only elaborate slightly on the general standard set out in M.G.L. c. 127, § 39.[3] Additionally, apart from his transfer to Walpole, the thrust of plaintiff's complaint is his confinement in Cellblock B–2, a maximum security section separate from the Departmental Segregation Unit. Consequently, the regulations governing transfers to departmental segregation units do not appear applicable to confinement in maximum security cellblocks. I find no basis in the state law governing inmate's classification, M.G.L. c. 127, § 20, and 103 CMR 420.00, *et seq.,* from which a right or entitlement not to be placed in a maximum security cellblock, as opposed to other cellblocks within a maximum security institution such as M.C.I. Walpole, derives. I conclude that plaintiff had no liberty or property interest rooted in the Constitution or state law at stake which was entitled to the protections of due process.

█ Plaintiff's allegation of a violation of his Eighth Amendment rights must also be dismissed under Federal Rules of Civil Procedure 12(b)(6). No facts are alleged

which could conceivably provide a basis for a finding of cruel and unusual punishment. While plaintiff labels his incarceration in Cellblock B–2 as "punitive", such a general allegation in the absence of a factual statement regarding specific aspects of his confinement is insufficient to withstand a Rule 12(b)(6) motion.

---

**3.** The Correction Department regulation discussed in *Daigle v. Hall, supra,* D.O. 4450.1(8), was codified at 103 CMR 421.07 without altera-

tion except for changes in the references to other departmental orders which were also renumbered.