**Stephen J. Dac STOUTE, Plaintiff,**

v.

**Louis BERMAN, et al., Defendants.**

**Civ. A. No. 81–2837–N.**

United States District Court,
D. Massachusetts.

Nov. 1, 1982.

Stephen J. Dac Stoute, pro se.

Melinda Milberg, Dept. of Correction, Boston, Mass., for defendants.

## ORDER

DAVID S. NELSON, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by the plaintiff Stephen J. Dac Stoute. This plaintiff seeks monetary damages, declaratory and injunctive relief against the named defendants. At the time of filing his complaint, the plaintiff was an inmate in the Southeast Correctional Center. Mr. Stoute, a *pro se* plaintiff, alleges that his first, sixth, eighth, tenth and fourteenth amendment rights under the federal Constitution have been abridged. Specifically, he avers the following:

"[T]hat he was placed in segregation without a hearing and kept there over a year in spite of continuous danger to his life (Complaint ¶'s 13–14); that his requests to be transferred out of the institution were denied, and that he was denied access to programs in violation of the *Blaney* agreement (Complaint ¶'s 15–17); that he did not have a timely classification board review, and he had spoken to defendant McTernan about it on July 28, 1981 and August 31, 1981 (Complaint ¶ 18–20); that defendant McTernan told

him that the institution decided not to recommend him for one third parole consideration (Complaint ¶ 21); and that defendants are conspiring to try to give him disciplinary reports to stop him from seeing the board (for example, by placing an inmate in a cell above him to harass him) (Complaint at ¶'s 22–25).[1]

The plaintiff has also moved the court to accept an amended complaint in which an additional charge of racial discrimination is set forth. The case was referred to a magistrate with several pending motions. The magistrate reviewed the pleadings, motions and supportive memoranda submitted by the parties. Subsequently, the magistrate issued a report which contained both recommendations and orders. The magistrate recommends that the defendants' motion to dismiss be granted and that all of the motions requested by the plaintiff be denied.[2]

28 U.S.C. § 636 mandates that a court "shall make a *de novo* determination of the portions of the report on specified findings or recommendations made by the magistrates." As to those non-dispositive motions which a magistrate may decide, the statute provides that a court may reconsider or modify the magistrate's order where it is shown to be clearly erroneous. Mr. Stoute has filed no objections to the magistrate's recommendations and orders. My own *de novo* review of the recommendations and reconsideration of the orders convinces me that any attempt on the part of Stoute to rebut the ably argued and persuasive authority cited by the government would be futile. Therefore, I concur in the magistrate's legal analysis, and adopt his report *in toto* and without emendation. Thus, the defendants' motion to dismiss is allowed; all other motions are denied.

█ An expatiation upon the bases of my affirmance of the magistrate's report is in order. The plaintiff has charged the defendants of conspiring to give him disciplinary reports to stop him from seeing the

"Board." This assertion constitutes a conclusory allegation, and is unsupported by material facts. The plaintiff presents no evidence of collusion; and no overt acts are proffered except the mere allegation that the defendants conspired to give ˙him a disciplinary report to prevent him from seeing the "Board." (Complaint ¶ 24). Nor is any reference made as to the conduct of a specific defendant. Though Mr. Stoute is proceeding *pro se,* he has some experience in the legal methods and procedures for petitioning the court. *See Stoute v. Louis Berman, et al.,* CA 81–1995–Z (judgment entered dismissing the complaint) (June 17, 1981); *see also Stoute v. Fair, et al.,* CA 81–2328–T. These conclusory and vague allegations of conspiracy are insufficient to support a legally cognizable claim. *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Kadar Corp. v. Milbury,* 549 F.2d 230 (1st Cir.1977).

█ The plaintiff's motion to amend his complaint is fatally defective for the aforestated reasons. His additional charge of racial discrimination is unsupported by allegations of material facts. Mr. Stoute merely avers that he was given disciplinary reports because of his race. The motion to amend was appropriately denied.

█ Mr. Stoute, at the time of filing his complaint, was a protective custody inmate. Implicit in the notion of protective custody is the fact that such inmates are segregated from the general population. The plaintiff indicates that he was segregated without a hearing and was refused a transfer to the general population (Complaint ¶ 13–16). The plaintiff has now been transferred to the general population. He is no longer in protective custody. *See* Affidavit of James Guilbeault, CA No. 81–2837, March 28, 1982. Thus, the issue of Mr. Stoute having been placed in protective custody is mooted. However, the court

---

1. This summarization of the claims of the plaintiff is taken from the *Memorandum in Support of Motions to Dismiss of Defendants.* It is accurate in substance.

2. Plaintiff's motion for summary judgment, motion to strike, and motion for appointment of counsel were denied by the magistrate.

must note that Mass.Gen.Laws ch. 127 §§ 20, 97 provides that "the classification of prisoner is vested in the sole discretion of the Commissioner of Corrections." The Commissioner must exercise this discretion so as to insure the safety of all inmates. Consequently, no liberty interest is involved in the classification process; no due process rights attach. *See Four Certain Unnamed Inmates v. Hall,* 550 F.2d 1291, 1292 (1st Cir.1977). *See also Huffman v. Berman, et al.,* Report and Recommendation (Magistrate Cohen) (September 8, 1981), *adopted by* Garrity, J. (September 20, 1981). "There are no statutes or regulations setting forth procedures governing the classification of prisoners to protective custody status." *Id.* at 3. It is also true that pursuant to the *Blaney* agreement, *infra* at 511, protective custody inmates are to receive a classification review at intervals not to exceed six months. A protective custody inmate, upon request, must be granted a review as frequently as once every 120 days. Mr. Stoute does not allege that his segregation was punitive or disciplinary in nature, such an allegation with supportive material facts might trigger due process rights.

Further, Mr. Stoute requested and was refused a transfer to the general population (at the time of his complaint). Mr. Stoute alleged that his life was in danger. There is no question of a constitutionally protected liberty interest involved in this matter. There are no due process rights or liberty interest involved in a transfer from one cell block to another within an institution. *Daigle v. Hall,* 564 F.2d 884 (1st Cir. 1977); *Four Certain Unnamed Inmates v. Hall,* 550 F.2d 1291 (1st Cir.1977); *See also Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Clearly, the preceding factual allegations fail to state a claim for which relief can be granted.

Though Mr. Stoute claims that he was struck on the hand by another inmate, this isolated act standing alone, does not constitute a violation of constitutional dimensions. An "occasional isolated attack by one prisoner on another may not constitute cruel and unusual punishment."

*Woodhous v. Commonwealth of Virginia,* 487 F.2d 889 (4th Cir.1973). Too, Mr. Stoute argues that being incarcerated in an unclean and foul cell is cruel and unusual punishment *per se.*

The question is whether the alleged "unclean and foul" cell constitutes a condition, so serious, that it offends the dictates of common decency. The mere allegation that the cell is "unclean and foul," without supportive factual details of probative worth, can not trigger the eighth amendment cruel and unusual punishment standard. Punishments which are characterized as cruel and unusual must be incompatible with evolving standards of decency that mark the progress of a maturing society. *Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). They are punishments which involve the unnecessary and wanton infliction of pain. The eighth amendment is the embodiment of broad and idealistic concepts of dignity, civilized standards, humanity and decency against which we must evaluate penal measures. *Id.* at 102, 97 S.Ct. at 290. Indubitably, Mr. Stoute has not stated sufficient facts to constitute a violation of his eighth amendment rights.

It also bears to reason that a mere conclusory allegation of cruel and unusual punishment based on a few isolated acts is insufficient to show knowledge or participation by any of the named defendants. *McDonald v. Hall,* 610 F.2d 16 (1st Cir.1979); *see Curtis v. Everette,* 489 F.2d 516 (3rd Cir.1973) *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *see also Gordon v. Leeke,* 574 F.2d 1147 (4th Cir.); *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

Further, Mr. Stoute, claims that he was not given a classification review within the period specified by the regulations or the *Blaney* agreement. As argued by the defendants, the failure to give an alleged timely classification is no violation of due process. The statutory provisions regarding classification (M.G.L. c. 127 § 20) place no limitations on the discretion of

prison officials. *Lombardo v. Meachum,* 548 F.2d 13, 15 (1st Cir.1977). No liberty interest is created by the statute. In *Lombardo* the court ruled:

"Plaintiff, here, has no federal due process protection because, as our earlier discussion establishes, any violation of state prison regulations did not result in a deprivation of 'liberty' within the meaning of the Fourteenth Amendment." *Id.* at 16, n. 4.

Moreover, the defendants' contention that the court should abstain from reaching decisions concerning conditions in the protective custody units in the Commonwealth has force. The conditions are the subject of ongoing litigation. *Blaney v. Commissioner of Correction* (Supreme Judicial Court for Suffolk County), No. J–74–88 Criminal).

In *Blaney v. Commissioner of Corrections,* 374 Mass. 337, 372 N.E.2d 770 (1978), the matter was certified as a class action "on behalf of all present and future protective custody inmates under the jurisdiction of the Massachusetts Department of Corrections." The plaintiff is a member of the class. A master has been appointed to implement the agreement reached between the parties to the dispute. The final judgment provides, *inter alia:*

"... Jurisdiction is reserved to this Court (and to any court to which this court may transfer this proceeding) to take all necessary action, in accordance with para. 15 and 16 of the Settlement Agreement, to enforce and administer the agreement, and to hear, settle and dispose of disputes and other matters arising hereunder."

Paragraphs 15 and 16 describe the procedures for submitting claims to the Monitor for review before resorting to the courts. The plaintiff has not indicated the exhaustion of resolution procedures to which he has agreed. Furthermore, it is a well-settled principle that federal courts may abstain from exercising federal jurisdiction in matters such as the one before us. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); 17 Wright & Miller § 4244 and cited cases.

Finally, the plaintiff seeks money damages against the defendants. 42 U.S.C. § 1983 requires allegations and proof of personal involvement in the alleged constitutional deprivation as a prerequisite to recovery. *Polidoro v. Hogan, et al.,* No. 80–0280–Ma, slip opinion at 2 (D.Mass. September 5, 1980), *citing McKinnon v. Patterson,* 568 F.2d 930, 934 (2nd Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978) and *Kostka v. Hogg,* 560 F.2d 37, 40 (1st Cir.1977). None of the defendants is accused of actually having taken any affirmative action or having affirmatively failed to act with regard to the plaintiff. Mrs. McTernan was accused of refusing to send an application to the plaintiff which was to be completed for parole consideration. No other specific allegations are made against any particular defendant. The fact that the defendants' names appeared in the caption and in the identification portion of a complaint, but not in text, has been held sufficient to warrant dismissal. *See Marvasi v. Shorty,* 70 F.R.D. 14 (E.D.Pa.1976). Nevertheless, with respect to the liability of the supervisory defendants, the court in *Polidoro* stated that "... the complaint, in order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, must allege either (1) that the supervisor ordered or directed the constitutional violations ... or, (2) that the supervisor knew of the wrongdoing and did nothing to correct the situation even though he had a legal obligation to do so ... or, (3) that the supervisor maintained some policy which encouraged disregard for constitutional rights ..." *Polidoro, supra* at 3. The plaintiff has not alleged that the named defendants ordered or directed any of the wrongdoing. Nor is there an allegation that these defendants knew or had reason to know that there was any alleged wrongdoing with regard to the plaintiff. The plaintiff also fails to allege that the defendants maintained any policy or custom which encouraged violations of his constitutional rights.

Having carefully scrutinized all of the allegations in a light most favorable to the

plaintiff, the complaint must be dismissed. *Ferranti v. Moran,* 618 F.2d 888 (1st Cir. 1980). As stated by the magistrate: "It is replete with speculation, conjecture and conclusory allegations." *Layne v. Vinzant,* 657 F.2d 468 (1st Cir.1981). Consequently, pursuant to Rule 12 of the Federal Rules of Civil procedure, I must dismiss the complaint. The magistrate's report is affirmed. The plaintiff's motion for summary judgment is denied. The magistrate's orders denying the motion to strike and appointment of counsel are affirmed by the court. They are not clearly erroneous. Accordingly, judgment is entered for the defendants. Motion to dismiss allowed without prejudice to the plaintiff.