WARREN W. DOUGAN & another[1] *vs*. COMMISSIONER OF
CORRECTION & others.[2]

No. 91-P-712.

Suffolk. October 20, 1992. - February 18, 1993.

Present: ARMSTRONG, PERRETTA, & IRELAND, JJ.

*Administrative Law*, Regulations. *Imprisonment*, Transfer of prisoner.

An advisory or informational guideline issued by the Department of Cor-
rection for the general education of prisoners and prison personnel re-
garding transfer schedules to medium, minimum, and pre-release secur-
ity levels was not a regulation within the meaning of § 1(5) of G. L. c.
30A, the State Administrative Procedure Act, and the department was
not bound by its guideline to classify certain prisoners in its custody to
a lower security facility. [148-149]
There was no merit to the claim of certain prisoners in the custody of the
Department of Correction that they were entitled to reclassification to a
minimum security prison under either provisions of the State Constitu-
tion or statutes governing operation of the prison system. [149]
A classification decision by the Department of Correction to deny the
transfer of certain prisoners to a minimum security prison was a simple
exercise of administrative discretion that did not require substantial evi-
dence to support it. [150]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 30, 1990.

A motion for summary judgment was heard by *R. Mal-
colm Graham*, J.

*Francis X. Spina* for the plaintiffs.

*Peter J. Morin* for the Commissioner of Correction &
others.

The plaintiffs, pro se, submitted a brief.

[1]Ralph Verrill.
[2]The director of programs and classification services, and the
superintendent of Southeastern Correctional Center.

IRELAND, J. The plaintiffs, inmates in the custody of the Department of Correction (DOC), filed a complaint alleging that the defendants violated DOC reclassification procedures by denying the inmates' transfer to a minimum security prison. The Superior Court judge granted the defendants' motion for summary judgment and dismissed the case. The plaintiffs appeal, claiming: (1) that the DOC is bound by its own guidelines to classify them in a lower security facility; (2) that the failure to transfer them to a lower security facility violated their State constitutional and statutory rights; and (3) that the decisions of the DOC's classification board were unsupported by substantial evidence. We affirm.

The plaintiffs' first argument is that the DOC's classification manual, which includes a Standard Movement Chronology (SMC), entitles them to be placed in a minimum security facility. The SMC "establishes transfer schedules to medium, minimum and pre-release security levels by considering the inmate's sentence and his earliest presumed parole eligibility date." Classification Manual, Volume I: Classification Procedures (1987). The plaintiffs contend that, because agencies are bound to follow their own regulations, the DOC is required to transfer them to lower security facilities.

Agency regulations must be promulgated in accordance with the State Administrative Procedure Act, G. L. c. 30A, §§ 2-6. *Commonwealth* v. *Trumble*, 396 Mass. 81, 88 (1985). The commissioner is authorized to promulgate regulations governing the classification of prisoners in correctional institutions. G. L. c. 124, §§ 1(*c*), (*f*), (*g*), (*q*); G. L. c. 127, §§ 20, 49A, 97 & 97A. The regulations which the commissioner has promulgated to control the transfer of prisoners explain the classification process for all inmates. See 103 Code Mass. Regs. § 420.00 (1987). These regulations carry the "force of law" and are binding on the DOC. *Royce* v. *Commissioner of Correction*, 390 Mass. 425, 427 (1983).

Here, the SMC is not a regulation within the meaning of the State Procedures Act, G. L. c. 30A, § 1(5). It is only an advisory or informational guideline for the general education of prisoners and prison personnel alike. It does not replace

the formal regulations and does not have the legal force of a regulation. Compare *Massachusetts Gen. Hosp.* v. *Rate Setting Commn.*, 371 Mass. 705, 706-707 (1977). See *Trumble*, 396 Mass. at 89; *Northbridge* v. *Natick Dept. of Soc. Servs.*, 394 Mass. 70, 76 (1985). The DOC is not bound to follow in the case of every inmate the precise timetable set out in the SMC. There is no suggestion in the record that the plaintiffs were subjected to arbitrary or capricious treatment.[3]

Similarly, the plaintiffs' second claim, that they are entitled to reclassification under the provisions of the State Constitution and statutes, also is without merit. There is no provision under the Massachusetts Constitution that would require a prisoner to be classified in the same placement as other prisoners serving the same sentence for the same crime. Prison officials have broad discretionary authority to manage correctional institutions in the interests of security, convenience and rehabilitation. See *Hewitt* v. *Helms*, 459 U.S. 460, 467 (1983); *Jackson* v. *Commissioner of Correction*, 388 Mass. 700, 703 (1983).

Furthermore, G. L. c. 124, § 1, and G. L. c. 127, §§ 20 and 97, create no entitlement to reclassification in a minimum security facility. "[S]tatutes and regulations governing daily operation of a prison system [do not] confer[] any liberty interest in and of themselves." *Hewitt*, 459 U.S. at 469. *Meachum* v. *Fano*, 427 U.S. 215 (1976). These provisions contain none of the "explicitly mandatory language in connection with requiring specific substantive predicates" that may create a protected liberty interest. *Hewitt*, 459 U.S. at 472. See *Kentucky Dept. of Corrections* v. *Thompson*, 490 U.S. 454, 459-463 (1989). They do not place substantive limitations on the exercise of discretion by the commissioner in classifying prisoners.

---

[3]In the DOC's final decision, the plaintiff Dougan's request for transfer to a minimum security facility was denied due to the nature of his offense, the time to parole eligibility, and his failure to address an assessed need area (substance abuse). Ralph Verrill's request for transfer was denied on the basis of his particular criminal history, coupled with the fact that the classification board had yet to receive an official version of the crime.

As to the plaintiffs' final argument, that the findings of the classification board were not supported by substantial evidence, classification decisions do not require proof of serious misconduct or the occurrence of specific events.[4] See *Meachum v. Fano*, 427 U.S. at 226-227; *Four Certain Unnamed Inmates of Mass. v. Hall*, 550 F.2d 1291, 1292 (1st Cir. 1977) ("[f]reedom from transfer is not a 'liberty interest' since an inmate may be transferred at the whim of the Commissioner"). Moreover, the classification procedures set forth in 103 Code Mass. Regs. § 420.08 (6)(a)-(h) (1987) do not require that classification decisions be based on "substantial evidence." They simply require a written summary of the classification board's recommendations to the superintendent. 103 Code Mass. Regs. § 420.08(6)(f) (1987). The decision by the commissioner to transfer a prisoner "is a simple exercise of his administrative discretion." *Jackson*, 388 Mass. at 703. There need not be substantial evidence to support it.

*Judgment affirmed.*

---

[4]The plaintiffs do not argue that the failure to transfer them violated any liberty interest under the Fourteenth Amendment due process clause of the United States Constitution. The United States Supreme Court has rejected the notion that reclassification and transfer of a Massachusetts inmate to a higher security institution infringes on a liberty interest of the due process clause. *Meachum v. Fano*, 427 U.S. 215 (1976).