Jihad DARUL–ISLAM, Plaintiff,

v.

Larry DUBOIS, et al., Defendants.

No. CIV.A. 96–10691–JLT.

United States District Court,
D. Massachusetts.

March 10, 1998.

Jihad Darul–Islam, MCI Walpole, South Walpole, MA, pro se.

Seth H. Hochbaum, Regnante, Sterio & Osborne, Wakefield, MA, for Jihad Darul–Islam.

Mary Biro–Bartevyan, Nancy Ankers White, Dept. of Correction, Boston, MA, Ira Tripathi–Zutshi, Dept. of Correction Legal Dept., Boston, MA, for Larry E. Dubois.

Nancy Ankers White, Dept. of Correction, Ira Tripathi–Zutshi, Department of Correction, Legal Dept., Boston, MA, for Ronald Duval, Dr. Travers, Brian Cahill, Mark Powers.

*Memorandum*

TAURO, Chief Judge.

Plaintiff is a prisoner at MCI Cedar Junction and brings this *pro se* claim, pursuant to

42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights by denying him hospital-administered dental care. He claims to be in dire need of dental care, but refuses to consent to any treatment which requires novocaine. Plaintiff alleges that he is allergic to novocaine and that his religious beliefs do not permit him to use the anaesthetic. He also asserts that he has a deep-seated fear of dentists. In view of these facts, Plaintiff believes that his dental needs should be treated in a hospital, where he can be given laughing gas or general anesthesia instead of novocaine. Plaintiff seeks both injunctive relief and damages.

Defendants have denied Plaintiff's request for hospital-based treatment. They claim that the Dental Group contracted to provide inmates with dental care never uses novocaine, thereby rendering Plaintiff's request for injunctive relief moot, and, that Plaintiff has received constitutionally adequate dental care.

Before the court is Defendants' Motion for Summary Judgment.

## I. ANALYSIS

### A. Standard of Review

Summary judgment is warranted when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The "material" facts upon which the nonmovant relies to avoid summary judgment must demonstrate a genuine dispute "over facts that might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant, however, is not required to make an affirmative showing that there are no material facts in issue. Instead, the movant has to show only an "absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, "[o]n issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). The court should not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. Plaintiff's Claim for Injunctive relief

■ In the Complaint, Plaintiff alleges that he is allergic to novocaine and seeks an injunction directing Defendants to provide him with necessary dental care.[1] In response, Defendants claim that Quality Dental Dentists, the professional group under contract by Correctional Medical Services to provide inmates dental services, does not, in fact, use Novocaine in treating inmates.[2] Rather, the Quality Dental Dentists use either Lidocaine (Xylocaine) or Mepivacaine (Carbocaine), both of which belong to the amide group of local anesthetics. In comparison, Novocaine belongs to the ester group. *See* Defendants' Ex. 1.

Although Plaintiff claims in his Opposition that he is also allergic to Lidocaine and Mepivacaine, there is no evidence supporting this allegation, and the records indicate that Plaintiff has repeatedly refused to be tested for any such allergies. And so, Plaintiff appears to hold the key to the resolution of his own claim. Once he is tested for allergies, the treating dentists can deliver the appropriate care. Without such a test, there is no evidence that Plaintiff needs to receive dental care in a manner different from what is routinely offered to all inmates. *See Layne v. Vinzant*, 657 F.2d 468, 473–74 (1st Cir.1981)(holding that the right to be free from cruel and unusual treatment does not include the right to treatment of one's choice); *Ferranti v. Moran*, 618 F.2d 888, 890–91 (1st Cir.1980)(noting that when a prisoner's challenge focuses on "the quality and source of the medical treatment received,"

---

**1.** Specifically, Plaintiff requests transfer to a hospital where he can receive either laughing gas or general anesthesia.

**2.** In support of this contention, Defendants submitted an affidavit from Jefferey R. Eby, a staff dentist at MCI–Cedar Junction who is employed by Quality Dental Dentists.

the dispute is with an exercise of professional judgment which "falls short of alleging a constitutional violation"); *Dias v. Vose*, 865 F.Supp. 53, 57 (D.Mass.1994). In other words, there is no evidence that Plaintiff will be irreparably harmed if he does not receive hospital-based dental care.

Moreover, relying on Plaintiff's dental records, Defendants claim that Plaintiff has continuously received adequate dental treatments. In opposition, Plaintiff alleges that he is in physical pain and suffers debilitating toothaches, and that the Defendants are either lying to this court or are ignoring his dental problems. The records, however, indicate that Plaintiff has regularly been treated by a dentist thereby obviating any need for injunctive relief.[3] Where a prisoner has received some medical treatment, federal courts are reluctant to second guess medical judgments or constitutionalize claims which sound in state tort law. *See Layne*, 657 F.2d at 474 (denying prisoner's Section 1983 claim for inadequate medical treatment where "there is nothing in the medical records to alert [Defendant] that plaintiff's treatment was inadequate ... [and] [r]ather, it appeared that [plaintiff] was not cooperating with what he got"); *See also Pidge v. Superintendent, MCI, Cedar Junction*, 32 Mass. App.Ct. 14, 19–20, 584 N.E.2d 1145, 1149 (1992)(holding that courts need decide only actual controversies). In accord, Plaintiff's claim for injunctive relief is without merit and must be dismissed.

## C. *Plaintiff's Section 1983 Claim*

On August 27, 1998, this Court informed the parties during a scheduling conference that it would not permit this action to expand beyond the dental issue, as outlined in Plaintiff's Complaint. Accordingly, this court limits its analysis to the dental treatment issue and declines to consider Plaintiff's subsequent claims of racial discrimination which fall outside of his initial pleading.

Plaintiff alleges that the Defendants are liable because they are "responsible for the actions of the Dept. of Corrections." On that basis, this court must conclude that Defendants are named in their supervisory capacity. In accord, the court must consider the Eleventh Amendment and respondeat superior issues, as they relate directly to this court's jurisdiction to hear Plaintiff's claim.

### 1. *Eleventh Amendment*

■ In his complaint, Plaintiff asks for compensatory relief in the amount of $20,000. In accordance with Eleventh Amendment case law, this award would amount to monetary damages and, therefore, may not be assessed against state officials, sued in their official capacities under the federal civil rights statute, absent state consent. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The court, therefore, is precluded from awarding monetary damages against any of the Defendants in their official capacity.

■ The Plaintiff may, however, sue state officials in their individual capacity for money damages. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)(holding that, whereas official capacity suits are an attempt to sue the government entity by naming the officer as a defendant, personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law"). Note that, although officials sued in their individual capacity may claim absolute or qualified immunity as a defense, "[t]he state's choice to indemnify the officer would not convert the suit from individual to official capacity" for purposes of Eleventh Amendment analysis. *See Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir.1988); *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985)(en banc); *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir.1985). Accordingly, Plaintiff may sue state officials in their individual capacity for monetary damages. In this case, however, Plaintiff has not alleged any facts in his Complaint sufficient to implicate any of the Defendants in their individual capacities.

---

**3.** The records indicate that Plaintiff was seen by a dentist on five different occasions from March, 1996 through May, 1997, and that, on several occasions, Plaintiff refused dental treatment.

### 2. Non-viability of Respondeat Superior in Section 1983 Actions

 The three Defendants, Larry Du-Bois, Ronald Duval and Mark Powers appear to be linked to this case only in their capacity as general supervisors at the Department of Corrections. Under Section 1983, a supervisor may only be found liable by his own acts or omissions. *Figueroa v. Aponte-Roque,* 864 F.2d 947, 953 (1st Cir.1989). Not only must these acts or omissions amount to reckless or callous indifference to the constitutional rights of others, *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), but there must be an affirmative link between the constitutional violation and the action and inaction of the supervisory official. *Voutour v. Vitale,* 761 F.2d 812, 820 (1st Cir.1985). Supervisory liability under 42 U.S.C. § 1983 cannot, however, be premised on a theory of respondeat superior, *Monell v. Department of Social Services,* 436 U.S. 658, 659 & n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), or on a simple failure to exercise proper supervisory control. *Stoute v. Berman,* 555 F.Supp. 507, 511 (D.Mass.1982); *Delaney v. Dias,* 415 F.Supp. 1351, 1353–54 (D.Mass.1976).

Defendants Larry Dubois, Ronald Duval and Mark Powers appear be tied to Plaintiff's claim only under a respondeat superior theory.[4] Defendants are not dentist and have no authority to make dental decisions as to the appropriate level of care for a particular inmate. Furthermore, Defendants are entitled to rely on the professional judgment of the dental-care providers. *Layne v. Vinzant,* 657 F.2d 468, 472 (1st Cir.1981). Construing the Complaint in a light most favorable to Plaintiff and taking his allegations as true, Plaintiff has not established that Defendants had any involvement in the treatment decisions alleged in the Complaint.

Plaintiff's § 1983 claim against Defendant DuBois, Defendant Duval and Defendant Powers are dismissed.

---

**4.** Defendant Dubois is the Commissioner of Corrections for the Commonwealth of Massachusetts, Defendant Duval is the Superintendent of MCI–Cedar Junction and Defendant Powers is the Deputy Superintendent of MCI–Cedar Junc-

### II. CONCLUSION

For the reasons addressed above, Defendants' Motion For Summary Judgment is hereby ALLOWED.

AN ORDER WILL ISSUE.

tion. Plaintiff does not allege in his complaint, or state in his affidavit, any direct involvement by these individuals in the provision of dental treatments.